IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICHARD COCHRAN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:11-CV-927 |
| | ) | |
| VOLVO GROUP NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on the Joint Motion to Seal Plaintiffs' Memorandum of Law in Support of Motion for Class Certification, (Doc. 70), and Defendant's unopposed motion to seal its brief in opposition to the same motion for class certification and certain exhibits. (Doc. 74.) A hearing on the motions was held on February 20, 2013. The Court concludes that there is a common law right of access to most of the materials the parties seek to seal and that a showing of a countervailing interest heavily outweighing the public interest in access is required to justify sealing. The parties have not made a showing sufficient to seal these materials in full. To the extent the parties seek to seal the briefs and certain exhibits in their entirety, the motions will be denied. Because it appears that the briefs and exhibits do contain some confidential information appropriate to redact, the Court will allow the parties additional time to file redacted versions with appropriate motions supported by evidence.

**1. Standard**

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The

operations of the courts and the judicial conduct of judges are matters of utmost public concern," *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and the public's business is best done in public.

This right of public access derives from the First Amendment as well as the common law. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir.1988) (internal citation omitted). In any given case, then, some court-filed "documents fall within the common law presumption of access, while others are subject to the greater right of access provided by the First Amendment. Still others may not qualify as 'judicial records' at all." *United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003) (citing *United States v. Amodeo,* 44 F.3d 141, 145–46 (2d Cir. 1995)).

"Judicial records" are "documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d)*, ___ F.3d ___, ____, 2013 WL 286230, at *4 (4th Cir. Jan. 25, 2013). Applying that definition, the Fourth Circuit recently held that motions for a court order to obtain records of stored electronic communications brought pursuant to 18 U.S.C. § 2703(d) are judicial records "because they were filed with the objective of obtaining judicial action or relief pertaining to § 2703(d) orders." *Id.* Conversely, the Fourth Circuit has held in an unpublished opinion that "raw fruits of discovery" filed in connection with a motion to dismiss were not judicial records because they were not considered by the court in adjudication of the motion; therefore, the court held, they are not protected by a common law right of access. *In re*

2

*Policy Mgmt. Sys. Corp.*, Nos. 94-2254, 94-2341, 67 F.3d 296 (table), 1995 WL 541623, at *3-4 (4th Cir. Sept. 13, 1995).

When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." *Washington Post*, 386 F.3d at 576. Procedurally, the district court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.* "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal quotation marks and alteration omitted).

## 2. Analysis

In the motions to seal, the parties request that this Court allow them to file under seal (1) Plaintiffs' Memorandum of Law in Support of Motion for Class Certification with Respect to Particular Issues, (Doc. 69); (2) exhibits A, B, C, D, E, L, and M to Plaintiff's Memorandum, (Docs. 69-1 to 69-5, 69-12, 69-13); (3) Defendant's Opposition to Plaintiffs' Motion for Class Certification with Respect to Particular Issues, (Doc. 78); and (4) two affidavits filed in support of Defendant's Opposition, (Docs. 80, 81). (*See* Docs. 70, 74.)

As an initial matter, the Court notes that the instant motions to seal have been publicly docketed since their dates of filing on January 18, 2013, and February 4, 2013. (Docs. 70, 74.) Any interested party therefore has had sufficient time to seek intervention to contest any sealing order, but the docket reflects no such action. Notice was given of the February 20, 2013 hearing, (Doc. 76), and no interested party came forward. Accordingly, the Court concludes that, as to each of the motions at issue, the "public notice" prerequisite to entry of a sealing order has been

satisfied.  *See Stone*, 855 F.2d at 181 (discussing use of docketing to comply with procedural requirements for sealing).

Next, the Court must determine whether the materials at issue are judicial records.  The Fourth Circuit has not determined explicitly whether documents filed in support of motions for class certification are judicial records.  However, such motions certainly "play a role in the adjudicative process."  *See In re Application*, 2013 WL 286230, at *4.  A motion for class certification is filed with the objective of seeking judicial action, and the question of class certification affects the parties' substantive rights.  *See id.*  "The certification of a suit as a class action has important consequences for the unnamed members of the class," *Sosna v. Iowa*, 419 U.S. 393, 399 n.8 (1975), and the denial of such certification "stands as an adjudication of one of the issues litigated," as it has a direct effect on the resolution of the merits.  *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 336 (1980).

Moreover, even before the Fourth Circuit's recent decision clarifying the definition of "judicial records," at least one district in this circuit concluded that such class certification documents are judicial records subject to the common law right of access.  *Harris v. Smithfield Packing Co.*, No. 4:09-CV-41-H, 2010 WL 4877144, at *1 (E.D.N.C. Nov. 24, 2010); *Mitchell v. Smithfield Packing Co.*, No. 4:08-CV-182-H, 2010 WL 4877054, at *1 (E.D.N.C. Nov. 24, 2010).  The Court concludes that the briefs and exhibits relied upon or considered by the Court in deciding Plaintiffs' motion for class certification are judicial records.  Because the documents are judicial records, the common law presumption of access, at a minimum, attaches to these documents.

There does not appear to be a First Amendment right of access to these materials.  Class actions are a creature of the Federal Rules of Civil Procedure, and were not explicitly authorized

4

until 1938.  1 William B. Rubenstein, *Newberg on Class Actions* § 1:13 (5th ed. 2012); *see In re Application*, ___ F.3d at ___, 2013 WL 286230, at *5 (requiring both the "experience" and "logic" prongs be met to establish a First Amendment right of access and holding that the experience prong is not met when the proceedings at issue arise under a statute enacted in 1986).  The Court has located no case finding a First Amendment right of access to class certification briefing and exhibits, and the Court will not find such a right today.  *See Washington Post*, 386 F.3d at 580 (noting that the Fourth Circuit has never recognized a First Amendment right of access to the non-dispositive civil motion process).

Since the common law right of access attaches to the documents, the Court next must determine whether the parties have overcome the presumption of access.  "To substantively overcome the common law presumption of access . . . , a court must find that there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness."  *In re Application*, ___ F.3d at ___, 2013 WL 286230, at *6 (quoting *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003)).  The burden of establishing such a countervailing interest is on the party seeking to keep the material secret.  *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

In evaluating whether a party has met its burden to overcome the public's right of access, the court should consider "the interests advanced by the parties in light of the public interest and the duty of the courts."  *Nixon*, 435 U.S. at 602.  As the *Nixon* Court noted, "access has been denied where court files might have become a vehicle for improper purposes," such as using court records to gratify private spite, to promote public scandal, or as "sources of business information that might harm a litigant's competitive standing."  *Id*. at 598.

5

In a case involving motions and hearings in a criminal case, the Fourth Circuit held that the following factors were relevant when balancing the government's interest in secrecy and the public's right to access: "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon*, 435 U.S. at 597-608). The Fourth Circuit has applied these same factors in a case involving criminal investigatory materials. *See In re Application*, ___ F.3d at ___, 2013 WL 286230, at *6. Numerous district courts in this circuit have applied these factors in civil cases. *See, e.g.*, *Adler v. CFA Inst.*, No. 1:11-CV-1167, 2012 WL 3257822, at *1 (E.D. Va. Aug. 7, 2012); *Mitchell*, 2010 WL 4877054, at *1; *Tustin v. Motorists Mut. Ins. Co.*, 668 F. Supp. 2d 755, 759 (N.D.W. Va. 2009); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2008 WL 3914463, at *3 (E.D.N.C. Aug. 22, 2008).

Volvo first contends that the motion to seal should be granted because the materials were produced during discovery pursuant to a protective order that required the materials to be held in confidence. However, the parties cannot by agreement overcome the public's right of access to judicial records. *See In re Violation of Rule 28(D)*, 635 F.3d 1352, 1358 (Fed. Cir. 2011); *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 437-438 (D. Md. 2006). Instead, the parties must show significant countervailing interests that outweigh the public's interest in openness. *In Re Application*, ___ F.3d at ___, 2013 WL 286230, at *6.

Volvo next contends that the materials at issue contain confidential business information. This would appear to be a sufficient basis in some instances, if it is established and not outweighed by countervailing interests. *See Nixon*, 435 U.S. at 598; *see also Pittston Co. v.*

6

*United States*, 368 F.3d 385, 406 (4th Cir. 2004) (holding it was not an abuse of discretion to refuse to unseal documents containing confidential and proprietary business information). Volvo notes that the materials at issue were submitted to the court with the representation by both parties that the materials "contain confidential and/or proprietary information not otherwise known or available to the public," (Doc. 25 at ¶ 1), and contends this is sufficient evidence to support a finding that the materials constitute "business information that might harm a litigant's competitive standing" under *Nixon*, 435 U.S. at 598.

While statements by counsel in briefs are not evidence, *INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984), *superseded by statute on other grounds*, 8 U.S.C. § 1254(b)(3), the parties' stipulation or representation to the Court that documents contain confidential business information can be considered as some evidence. *See Pittston*, 368 F.3d at 406. However, that representation is not considered in a vacuum and has to be weighed against competing interests.

Because this is a potential class action, there are some additional factors weighing in favor of transparency. The class action is a procedural device offering a number of public benefits in the appropriate case, including fairer compensation, deterrence, efficiency, and legitimacy. *Newberg* at §§ 1:7-1:10; *see Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974) (concluding that a "principal purpose" of Rule 23 is "efficiency and economy of litigation"). Moreover, class actions, once certified, bind members of the class, even if they are not named parties. Potential class members thus have an interest in the motion for class certification, particularly adequate representation. *See* Fed. R. Civ. P. 23(a). Because lawsuits filed on behalf of a class potentially affect the rights of persons who are not parties to the case, transparency has heightened value in class actions.

Moreover, the court's review of the materials discloses that as to large swaths of the briefs and exhibits, there is no conceivable basis for the asserted confidentiality claim, and indeed counsel have agreed that blanket sealing would not be appropriate under *In Re Application*. For example, the briefs largely consist of public, non-confidential information regarding the parties and their claims and legal analysis regarding certification of the suit as a class action. Even the defense affidavits contain numerous paragraphs as to which the Court has been unable to imagine a possible basis for confidentiality. While it certainly seems likely that some of the exhibits or parts of the exhibits and parts of the briefs contain some confidential business information, the Court is not in a position to speculate about what is and is not confidential, nor is it the Court's obligation to fill in the gaps—or in this case, create the entire basis—from its own experience or imagination.

It is clear that it would be inappropriate to seal the briefs, affidavits, and depositions in their entirety. The parties have expressed a willingness and have requested an opportunity to redact confidential information, and they provided redacted briefs to the Court at oral argument showing an appropriate recognition of the public's interest in transparency. Volvo also suggests that some of the deposition testimony provided by the plaintiffs is in fact not necessary to the Court's determination of the class certification issue, and the parties propose to resolve this problem in a way that limits the extent to which the depositions are found to be judicial records. The Court will consider these less drastic alternatives. *Washington Post*, 386 F.3d at 576.

The Court will not establish the exact standard a party advocating secrecy must meet before business information can be sealed, or weigh the competing interests. That will await the development of the record and depend upon all of the circumstances, including the nature of the information, the strength of the evidence supporting its proprietary or confidential status, and the

8

competing interests on the side of transparency. Because the presumption of access is rebutted only if countervailing interests "heavily outweigh the public interests in access," *Rushford*, 846 F.2d at 253, the parties would be well advised to meet, at a minimum, the standard set forth in *Nixon* and in Rule 26 for a protective order.[1] *See Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 127-28 (D. Md. 2009) (denying a motion to seal when the moving party did not meet the Rule 26 "good cause" standard).

To the extent the motions seek blanket sealing of the briefs and exhibits, they are denied. To the extent the motions seek to redact the motions and the exhibits, the Court will reserve ruling. No later than ten days from the date of this Order, the parties may file on the public record briefs and exhibits in redacted form and depositions in excerpt and/or redacted form, a motion to be allowed to file the briefs and exhibits in redacted form, evidence in support of the motion, and a short brief addressing the interests advanced by the parties in light of the public interests and the duty of the courts. The Court would also appreciate a proposed order which includes the kind of proposed findings required by the case law. The briefs and exhibits filed under seal will remain under seal for the time being.

**SO ORDERED.**

This the 1st day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." Fed. R. Civ. P. 26(c)(1)(G).

9

Case 1:11-cv-00927-CCE-JEP   Document 84   Filed 03/01/13   Page 9 of 9