IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICHARD COCHRAN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:11-CV-927 |
| | ) | |
| VOLVO GROUP NORTH AMERICA, LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Plaintiffs filed suit alleging that defendant Volvo Group North America, LLC, breached express and implied warranties of merchantability as to certain Volvo trucks. They seek certification of a class of truck owners and lessees on particular issues. (Doc. 68.) Because Plaintiffs have not shown what law will apply to the claims of the class members, the Court concludes that they have not affirmatively demonstrated that class certification is appropriate and denies the motion.

Class actions have many advantages. They conserve judicial resources by allowing courts to treat common claims together, obviating the need for repeated adjudications of the same issues. *See Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 155 (1982); 1 William B. Rubenstein, *Newberg on Class Actions* § 1:9 (5th ed. 2011). They achieve "the protection of the defendant from inconsistent obligations, the protection of the interests of absentees, the provision of a convenient and economical means for disposing of similar lawsuits, and the facilitation of the spreading of litigation costs among numerous litigants with similar claims." *U.S. Parole*

*Comm'n v. Geraghty*, 445 U.S. 388, 402-03 (1980). They allow persons with valid claims of low dollar amount to seek effective redress. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980). They foster efficient settlement of small claims. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995).

These advantages do not mean, however, that the the requirements of Rule 23 are unimportant. "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, ___ U.S. ___, 133 S. Ct. 1426, 1432 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). To show that his case falls within the exception, a party "must affirmatively demonstrate his compliance" with Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541, 2551 (2011).

Specifically, the party must prove that the case satisfies the four requirements of Rule 23(a) and fits into at least one of three subsections of Rule 23(b). *Comcast*, ___ U.S. at ___, 133 S. Ct. at 1432. Rule 23(a) provides that a case is appropriate for certification as a class action if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Plaintiffs contend that this actions falls under Rule 23(b)(3), which requires the Court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs also rely on Rule 23(c)(4), which authorizes class certification "with respect to particular issues," when that is "appropriate." Fed. R. Civ. P. 23(c)(4).

2

Plaintiffs note that all the potential class members had substantially the same express warranty, by which Volvo warranted its truck components "to be free from defects in material and workmanship under normal use and service up to the periods as specified." (Doc. 81-1 at 2.) Plaintiffs identify two categories of questions common to the class: (1) whether the trucks "suffer from common defects," and (2) if so, whether Volvo failed to fix these defects.[1] (Doc. 69 at 6.) Plaintiffs call these questions of fact, and contend that these issues are central to the resolution of their express warranty claims and related to their implied warranty claims. They do not address what state's law would apply.

Plaintiffs have not adequately explained how the answers to these questions would "resolve an issue that is central to the validity of each of the claims." *See Wal-Mart*, ___ U.S. at ___, 131 S. Ct. at 2551 ("'What matters to class certification is . . . the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009) (internal alterations omitted)). Breach of warranty is a state law claim, and Plaintiffs have not set forth which state's law they believe would apply. Nor have they set forth the elements of a claim for breach of express warranty which they contend would apply to the claims of the putative class. Thus, it is impossible to tell if the answers to the proposed questions would resolve an issue central to the validity of the express warranty claim.

---

[1] Upon invitation of the Court, Plaintiffs submitted a list of possible jury questions that disclosed nine possible defects in the AHI system, the sleeve injector, and the turbocharger. (*See* Doc. 99 at 2-5.) As to the AHI system, for example, the jury would be asked to decide by separate issue whether each of the nozzle-clogging problem, the air-in-the-fuel-system problem, and the carbonated-fuel problem "constituted a defect in material or workmanship." (*Id.* at 2-3). If so, the jury would then decide whether Volvo "adequately repaired" the defect. (*Id.*)

Both of these problems are bound up with the choice-of-law problems that bedevil efforts to certify class actions on nationwide breach of warranty claims. *See Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 674 (7th Cir. 2001) ("[F]ew warranty cases ever have been certified as class actions—let alone as nationwide classes, with the additional choice-of-law problems that complicate such a venture."). The potential conflicts of law presented by nationwide class actions have serious constitutional implications. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985); *Stetser v. TAP Pharm. Prods., Inc.*, 165 N.C. App. 1, 16-17, 598 S.E.2d 570, 581 (2004). Differences in state law also raise manageability concerns. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996) ("If more than a few of the laws of the fifty states differ, the district judge would face an impossible task of instructing a jury on the relevant law . . . ."); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 350 (D.N.J. 1997) (refusing to certify nationwide class because plaintiffs' "multiple causes of action could [not] be presented to a jury for resolution in a way that fairly represents the law of the fifty states while not overwhelming jurors with hundreds of interrogatories and a verdict form as large as an almanac"); *Harding v. Tambrands Inc.*, 165 F.R.D. 623, 632 (D.Kan. 1996) ("[T]he verdict form necessary to submit the case to the jury would read more like a bar exam.").

Indeed, the Seventh Circuit has held that "[n]o class action is proper unless all litigants are governed by the same legal rules" and that "products-liability suits may not proceed as nationwide classes" due to differences in the state laws which would apply. *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002). Though other circuits have not gone quite so far, they recognize the problems posed by a nationwide class action for breach of warranty claims. *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996); *Walsh v.*

4

*Ford Motor Co.*, 807 F.2d 1000, 1016-17 (D.C. Cir. 1986); *In re School Asbestos Litig.*, 789 F.2d 996, 1011 (3d Cir. 1986).

Acknowledging the difficulties inherent in a nationwide class action and a plaintiff's burden to demonstrate compliance with Rule 23, the Fourth Circuit has held that the plaintiff has "the burden of showing that common questions . . . predominate, and they cannot meet this burden when the various laws have not been identified and compared." *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 370 (4th Cir. 2004); *see also Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 313 (5th Cir. 2000) (holding that the plaintiff has the burden to show that common questions predominate by presenting a choice-of-law analysis).

Under the North Carolina choice-of-law rules which would apply to this case,[2] warranty claims are governed by the state with "the most significant relationship" to the contract. *E.g., Boudreau v. Baughman*, 322 N.C. 331, 338, 368 S.E.2d 849, 855 (1988). North Carolina courts examine the states of manufacture, distribution, purchase, resale, and damage in making this determination. *See id.* (applying Florida law when allegedly defective chair was manufactured in North Carolina, sold to a furniture store in Florida, and purchased by Florida residents whose guest in Florida injured his foot on the metal surface of the chair); *Bernick v. Jurden*, 306 N.C. 435, 443, 293 S.E.2d 405, 410 (1982) (applying North Carolina law when mouthguard was manufactured in Canada and purchased in Massachusetts, but shattered during a hockey game in

---

[2] A district court exercising diversity jurisdiction must apply the forum state's choice-of-law rules—here, North Carolina. *In re Panacryl Sutures Prods. Liab. Cases*, 263 F.R.D. 312, 318 (E.D.N.C. 2009). In North Carolina, claims for breach of express warranty and implied warranty of merchantability are governed by the Uniform Commercial Code, which states that in the absence of an agreement between the parties, North Carolina law applies to "transactions bearing an appropriate relation to this State." N.C. Gen. Stat. § 25-1-301(b). North Carolina courts interpret this to mean the applicable law is that of the state with the "most significant relationship" to the claim. *Mahoney v. Ronnie's Rd. Serv.*, 122 N.C. App. 150, 155, 468 S.E.2d 279, 282 (1996), *aff'd*, 345 N.C. 631, 481 S.E.2d 85 (1997).

5

North Carolina); *Mahoney*, 122 N.C. App. at 154-55, 468 S.E.2d at 282 (applying North Carolina law when allegedly defective brake assembly was manufactured in North Carolina, sent to Kentucky and incorporated into a vehicle, sold to a Missouri dealer, sold to an Arizona corporation, and driven in North Carolina where the injury occurred); *Terry v. Pullman Trailmobile*, 92 N.C. App. 687, 694, 376 S.E.2d 47, 51 (1989) (applying North Carolina law when allegedly defective tractor trailer was manufactured in Texas, thereafter sold in North Carolina to a Virginia business as part of a shipment for a North Carolina corporation, resold to another North Carolina corporation, and resulted in injury to a Texas resident driving the tractor trailer in New York).

The defense evidence, which Plaintiffs do not dispute, is that the engines at issue were designed in Sweden, engineered and assembled in Maryland, put into truck chassis in Virginia, and sold to fleet customers and independent dealers throughout the country; the trucks were sold by Volvo out of North Carolina, though most trucks never entered North Carolina. (Doc. 81 at ¶ 18.) Yet Plaintiffs have made no effort to identify how North Carolina's choice-of-law rules would apply in this case. Despite an express invitation from the Court, (*see* Doc. 97), Plaintiffs have not explained what jury instructions on these issues might look like and have not explained the source of law for those instructions. They do not contend that the law of North Carolina would apply to all claims, or that the law of Maryland, of Virginia, or indeed of any particular state would apply; rather, they ignore the whole issue.[3]

Without such an analysis, the Court cannot determine whether the issues are common, whether they predominate, whether the class would be manageable, and whether a class action is

---

[3] At oral argument on the motion, in response to pointed questions from the bench, counsel for the Plaintiffs generally contended that there were no material differences in state law. Such an unsupported contention does not suffice to satisfy the Plaintiffs' burden.

the superior method of adjudicating Plaintiffs' claims. *See* Fed. R. Civ. P. 23(a)(2), (b)(3); *see also In re St. Jude Med., Inc.*, 425 F.3d 1116, 1120 (8th Cir. 2005) ("The district court's class certification was in error because the district court did not conduct a thorough conflicts-of-law analysis with respect to each plaintiff class member before applying Minnesota law."); *Castano*, 84 F.3d at 741 ("A requirement that a court know which law will apply before making a predominance determination is especially important when there may be differences in state law.").

Plaintiffs' efforts to avoid these problems by calling their common questions "questions of fact" does not suffice. No doubt there are cases in which there is a common question of fact as to which it would not matter what state law applies—say, a question about the date on which an event occurred, about whether the operator of an oil tanker was impaired, or about whether an inspection required by law had been performed. Perhaps it could even be the case concerning these engines: Plaintiffs make a compelling argument, using testimony from Volvo witnesses and documents created by Volvo employees, that these engines had a number of serious problems which caused widespread similar problems for purchasers and which Volvo was unable to fix on a systemic basis for years. But that evidence of defect and failure to repair is not, in the end, enough for class certification.

This case involves state law causes of action for breach of warranty. Plaintiffs have not shown that the law applicable to proving a breach of warranty, or even an element of a breach of warranty, is the same across the country, nor have Plaintiffs shown that the law of one state should apply. In the absence of this showing, the Court cannot tell whether the resolution of the defect and repair questions would resolve an issue that is central to the validity of the warranty claim. Therefore, Plaintiffs have failed to establish that there are questions of law or fact

7

common to the class which predominate over any questions affecting individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the dispute. The motion for class certification should be denied.

It is therefore **ORDERED** that Plaintiffs' Motion for Class Certification, (Doc. 68), is **DENIED**.

This the 22nd day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE

8

Case 1:11-cv-00927-CCE-JEP   Document 101   Filed 04/22/13   Page 8 of 8