IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICHARD COCHRAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:11CV927 |
| | ) | |
| VOLVO GROUP NORTH | ) | |
| AMERICA, LLC, VOLVO TRUCKS | ) | |
| NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Motion to Compel and for Sanctions [Doc. #131] filed by Defendant Volvo Group North America, LLC ("Defendant Volvo"). Defendant Volvo seeks dismissal of all claims brought by nine of the Plaintiffs in this case, as a sanction for their failure to comply with this Court's discovery order of December 11, 2013 [Doc. #128]. The Court held a telephone conference on the Motion on March 11, 2014. Attorney Corey Fein appeared for Plaintiffs, and Attorney Chad Hansen appeared for Defendant Volvo. For the reasons set out below, the Court recommends that all claims filed by these nine Plaintiffs be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 37 and 41(b).

I.     Facts and Procedural History

Plaintiffs in this case originally sought certification of a class, but those requests were denied. The case is therefore proceeding as to the individual claims asserted by the named Plaintiffs. The Court conducted a discovery scheduling hearing on December 10, 2013, regarding the schedule for discovery for the individual claims. Following the hearing, the Court

entered an Order granting a prior Motion to Compel by Defendant Volvo, and ordering Plaintiffs to "provide full and complete responses to Defendant Volvo's Interrogatories and Requests for Production of Documents no later than 14 days prior to each individual Plaintiff's noticed deposition." (December 11, 2013 Order at 2.) In addition, the Court adopted a procedure whereby Defendant Volvo would notice each Plaintiff's deposition by January 27, 2014. (Id. at 2-3.) Defendant Volvo now contends that nine Plaintiffs failed to respond or appear as required. During the telephone hearing on the present Motion to Compel, counsel for Plaintiffs noted that he did not wish to be heard in opposition to the Motion. Counsel for Plaintiffs agreed that these nine Plaintiffs knew that their claims would be dismissed for failing to participate in discovery, but that they had made the decision not to participate after the request to proceed as a class action was denied. During the telephone hearing, the Court noted that findings of noncompliance would need to be made as to each of the nine Plaintiffs. Therefore, the parties subsequently submitted a Joint Supplement setting out specific information as to each of these nine Plaintiffs. Therefore, based on the evidence presented in the Joint Supplement by agreement of the parties, the Court makes the following findings of fact with regard to each of these nine Plaintiffs.

    A.     Frank Beatty III

On November 14, 2012, Mr. Beatty was served with Defendant's First Set of Interrogatories to New Plaintiffs and Defendant's First Set of Requests for Production to New Plaintiffs.[1] On December 17, 2012, Plaintiffs served their Answers to Defendant's First Set of

---

[1] Plaintiffs filed a Second Amended Complaint [Doc. #54] on November 7, 2011. The Second Amended Complaint added a number of new Plaintiffs, including Frank Beatty III, Ronnie Chosewood, Tom Dougherty,

2

Requests for Production on behalf of all new Plaintiffs. These Answers were served on behalf of all new Plaintiffs and contained little substantive information on behalf of Mr. Beatty; instead, many responses stated that Plaintiffs would later supplement their responses. On June 24, 2013, Mr. Beatty served Defendant Volvo with supplemental answers, but again failed to fully and completely supplement interrogatories and produce all documents responsive to Defendant Volvo's document requests.

On January 27, 2014, Plaintiffs' counsel was served with a notice of deposition for Mr. Beatty to occur on March 6, 2014. However, Mr. Beatty failed to supplement or otherwise provide complete answers to written discovery 14 days prior to that date, as required by this Court's Order. In addition, Mr. Beatty refused to appear for his noticed deposition. According to the Joint Supplement, Plaintiffs' counsel's office spoke with Mr. Beatty, most recently on February 19, 2014, and informed him that his refusal to appear for his noticed deposition would likely result in dismissal of his case. Mr. Beatty indicated that he understood, but nevertheless failed to appear.

B.  Ronnie Chosewood

On November 14, 2012, Mr. Chosewood was served with Defendant's First Set of Interrogatories to New Plaintiffs and Defendant's First Set of Requests for Production to New Plaintiffs. On December 17, 2012, Plaintiffs served their Answers to Defendant's First Set of

---

Mark Ebel, Wayne Fox, Semio Express, Inc., and Harvey West. After Plaintiffs filed their Second Amended Complaint, Defendant Volvo served each new Plaintiff with Defendant's First Set of Interrogatories to New Plaintiffs and Defendant's First Set of Requests for Production to New Plaintiffs, which contained the exact same interrogatories and requests for production contained in Defendants' First Set of Interrogatories to Plaintiffs and Defendants' First Set of Requests for Production to Plaintiffs.

Interrogatories and Responses to Defendant's First Set of Requests for Production on behalf of all new Plaintiffs. These Answers did not include any responses specific to Mr. Chosewood for any interrogatory, and many responses that were applicable to all Plaintiffs were comprised simply of a promise to later supplement. Mr. Chosewood has not served Defendant Volvo with any supplemental responses to any interrogatory. Further, Mr. Chosewood has only produced a nominal 145 pages in response to Defendant Volvo's Requests for Production and has failed to comply with his obligation to produce all documents responsive to Defendant Volvo's document requests.

On January 27, 2014, Plaintiffs' counsel was served with a notice of deposition for Mr. Chosewood to occur on March 7, 2014. However, Mr. Chosewood failed to supplement or otherwise provide complete answers to written discovery 14 days prior to that date, as required by this Court's Order. In addition, Mr. Chosewood has refused to appear for his noticed deposition. Plaintiffs' counsel's office spoke with Mr. Chosewood, most recently on February 6, 2014, and informed him that his refusal to appear for his noticed deposition would likely result in dismissal of his case. Mr. Chosewood indicated that he understood but nevertheless failed to appear.

  C. Tom Dougherty

On November 14, 2012, Mr. Dougherty was served with Defendant's First Set of Interrogatories to New Plaintiffs and Defendant's First Set of Requests for Production to New Plaintiffs. On December 17, 2012, Plaintiffs served their Answers to Defendant's First Set of Interrogatories and Responses to Defendant's First Set of Requests for Production on behalf

4

of all new Plaintiffs.  These Answers did not include any responses specific to Mr. Dougherty for any interrogatory, and many responses that were applicable to all Plaintiffs were comprised simply of a promise to later supplement.  Mr. Dougherty has not served Defendant Volvo with any supplemental answers to any interrogatory.  Further, Mr. Dougherty has not produced any documents in response to Defendant Volvo's Requests for Production.  Plaintiffs' counsel sent Mr. Dougherty letters regarding his obligation to produce documents in response to Defendant Volvo's discovery requests, most recently in November of 2012.  Plaintiffs' counsel's last communication with Mr. Dougherty was a phone call on January 14, 2013, when Mr. Dougherty stated that he did not want to participate in discovery.

On January 27, 2014, Plaintiffs' counsel was served with a notice of deposition for Mr. Dougherty to occur on March 10, 2014.  Plaintiffs' counsel then learned through another client that Mr. Dougherty died in December 2013.  Plaintiffs' counsel contacted Mary Jo Jensen Carter, the attorney for Mr. Dougherty's estate, and informed her that the claims will likely be dismissed without prejudice.  Plaintiffs' counsel also informed Mr. Dougherty's estate that the estate may re-file these claims in Mr. Dougherty's home state should it wish to do so.  Defendant Volvo has agreed not to assert or argue in this or any other proceeding that Mr. Dougherty's death affects his estate's right to pursue its legal claims.

D.     Mark Ebel

On November 14, 2012, Mr. Ebel was served with Defendant's First Set of Interrogatories to New Plaintiffs and Defendant's First Set of Requests for Production to New Plaintiffs.  On December 17, 2012, Plaintiffs served their Answers to Defendant's First Set of

5

Interrogatories and Responses to Defendant's First Set of Requests for Production on behalf of all new Plaintiffs. These Answers did not include any substantive response to a number of interrogatories on behalf of Mr. Ebel, including specific responses to Interrogatory 20 (damages allegedly caused by Defendant Volvo), among others, and many responses that were applicable to all Plaintiffs were comprised simply of a promise to later supplement. On June 6, 2013, Mr. Ebel served Defendant Volvo with supplemental responses, but again failed to provide a substantive response to Interrogatory 20, among others. Mr. Ebel also failed to supplement many other interrogatories. Further, Mr. Ebel has only produced 573 pages in response to Defendant Volvo's Requests for Production, and has failed to respond to a number of specific requests, including Request for Production 24 (documents supporting claim for loss or damages), among others.

On January 27, 2014, Plaintiffs' counsel was served with a notice of deposition for Mr. Ebel to occur on March 10, 2014. However, Mr. Ebel failed to supplement or otherwise provide complete answers to written discovery 14 days prior to that date, as required by this Court's Order. Moreover, Mr. Ebel has refused to appear for his noticed deposition. Plaintiffs' counsel spoke with Mr. Ebel, most recently on February 13, 2014, and informed him that his refusal to appear for his noticed deposition would likely result in dismissal of his case. Mr. Ebel indicated that he understood but nevertheless failed to appear.

E.  Mike Faustini

On December 21, 2011, Mr. Faustini was served with Defendants' First Set of Interrogatories to Plaintiffs and Defendants' First Set of Requests for Production to Plaintiffs.

On February 15, 2012, Mr. Faustini served his initial answers and responses to both of these discovery requests. However, Mr. Faustini failed to respond to a number of interrogatories, including Interrogatories 11 (statements made by Defendant Volvo regarding alleged defects) and 20 (damages allegedly caused by Defendant Volvo). On May 16, 2012, and again on June 6, 2013, Mr. Faustini served Defendant Volvo with supplemental answers and responses, but still failed to respond to Interrogatories 11 and 20, among others. Further, Mr. Faustini has only produced documents in response to Defendant Volvo's Requests for Production 5, 8, 9, 19, 24, 35, and 43.

On January 27, 2014, Plaintiffs' counsel was served with a notice of deposition for Mr. Faustini to occur on March 3, 2014. However, Mr. Faustini failed to supplement or otherwise provide complete answers to written discovery 14 days prior to that date, as required by this Court's Order. Moreover, Mr. Faustini has refused to appear for his noticed deposition. Plaintiffs' counsel's office spoke with Mr. Faustini, most recently on February 15, 2014, and informed him that his refusal to appear for his noticed deposition would likely result in dismissal of his case. Mr. Faustini indicated that he understood but nevertheless failed to appear.

F.  Wayne Fox

On November 14, 2012, Mr. Fox was served with Defendant's First Set of Interrogatories to New Plaintiffs and Defendant's First Set of Requests for Production to New Plaintiffs. On December 17, 2012, Plaintiffs served their Answers to Defendant's First Set of Interrogatories and Responses to Defendant's First Set of Requests for Production on behalf of all new Plaintiffs. These Answers did not include any substantive response to a number of

7

interrogatories on behalf of Mr. Fox, including specific responses to Interrogatories 8 (information related to repairs or work on vehicles at issue), 10 (statements made to other individuals regarding alleged defects), 14 (Defendant Volvo's alleged false representations or omissions), 16 (all warranties received with the vehicles at issue), and 20 (damages allegedly caused by Defendant Volvo). Further, many responses that were applicable to all Plaintiffs were comprised simply of a promise to later supplement. Mr. Fox has not served Defendant Volvo with any supplementation to these Answers. Further, Mr. Fox has failed to respond to Request for Production 24 (documents supporting claim for loss or damages), among others.

On January 27, 2014, Plaintiffs' counsel was served with a notice of deposition for Mr. Fox to occur on March 11, 2014. However, Mr. Fox failed to supplement or otherwise provide complete answers to written discovery 14 days prior to that date, as required by this Court's Order. Moreover, Mr. Fox has refused to appear for his noticed deposition. Plaintiffs' counsel's office spoke with Mr. Fox, most recently on February 13, 2014, and informed him that his refusal to appear for his noticed deposition would likely result in dismissal of his case. Mr. Fox indicated that he understood but nevertheless failed to appear.

G. Lawrence Hodge

On December 21, 2011, Mr. Hodge was served with Defendants' First Set of Interrogatories to Plaintiffs and Defendants' First Set of Requests for Production to Plaintiffs. On February 15, 2012, Mr. Hodge served his initial answers and responses to both of these discovery requests. However, Mr. Hodge failed to respond to a number of interrogatories, including Interrogatory 20 (damages caused by Defendant Volvo), among others. Mr. Hodge

8

has not served Defendant Volvo with any supplementation to these Answers. Moreover, Mr. Hodge failed to respond to Plaintiffs' counsel's request that he supplement his document production and answers to interrogatories. Mr. Hodge stopped communicating with Plaintiffs' counsel's office in the middle of 2013, and Plaintiffs' counsel later learned that Mr. Hodge died in November 2013. Plaintiffs' counsel contacted Kathy Nigro, who was appointed as the representative of Mr. Hodge's estate for purposes of probate, and informed her that the claims will likely be dismissed without prejudice. Plaintiffs' counsel also informed Ms. Nigro that the estate may re-file these claims in Mr. Hodge's home state should it wish to do so. Defendant Volvo has agreed not to assert or argue in this or any other proceeding that Mr. Hodge's death affects his estate's right to pursue its legal claims.

      H.      Semio Express, Inc.

On November 14, 2012, Semio Express was served with Defendant's First Set of Interrogatories to New Plaintiffs and Defendant's First Set of Requests for Production to New Plaintiffs. On December 17, 2012, Plaintiffs served their Answers to Defendant's First Set of Interrogatories and Responses to Defendant's First Set of Requests for Production on behalf of all new Plaintiffs. However, these Answers did not include any response specific to Semio Express for any interrogatory. Further, many responses that were applicable to all Plaintiffs were comprised simply of a promise to later supplement. Semio Express has not served Defendant Volvo with any supplementation to these Answers. Further, Semio Express has not produced any documents to Defendant Volvo.

On January 27, 2014, Plaintiff's counsel was served with a notice of a Rule 30(b)(6) deposition for Semio Express to occur on March 17, 2014. Semio Express failed to supplement or otherwise provide complete answers to written discovery 14 days prior to the deposition, as required by this Court's Order. Moreover, Semio Express failed to appear for the noticed deposition. According to the Joint Supplement, Semio Express stopped responding to emails, letters, and phone calls from Plaintiffs' counsel's office in early January 2014 and has not been responsive to requests for additional documents and interrogatory responses or to the request to appear for a deposition.

I. Harvey West

On November 14, 2012, Mr. West was served with Defendant's First Set of Interrogatories to New Plaintiffs and Defendant's First Set of Requests for Production to New Plaintiffs. On December 17, 2012, Plaintiffs served their Answers to Defendant's First Set of Interrogatories and Responses to Defendant's First Set of Requests for Production on behalf of all new Plaintiffs. However, these Answers did not include any response specific to Mr. West for any interrogatory. Further, many responses that were applicable to all Plaintiffs were comprised simply of a promise to later supplement. Mr. West has not served Defendant Volvo with any supplementation to these Answers. Further, Mr. West has not produced any documents to Defendant Volvo.

On January 27, 2014, Plaintiffs' counsel was served with a notice of deposition for Mr. West to occur on March 13, 2014. However, Mr. West failed to supplement or otherwise provide complete answers to written discovery 14 days prior to the deposition, as required by

10

this Court's Order. Moreover, Mr. West has refused to appear for his noticed deposition. Plaintiffs' counsel's office spoke with Mr. West, most recently on February 6, 2014, and informed him that his refusal to appear for his noticed deposition would likely result in dismissal of his case, and Mr. West indicated that he understood but nevertheless failed to appear.

II. Discussion

Federal Rule of Civil Procedure 37(b)(2) sets out the sanctions available for a party who fails to obey a discovery order, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). In addition, Rule 37(d)(1) provides that where a party fails, after being served with proper notice, to appear for his deposition or, after being properly served with interrogatories under Rule 33 or request for inspection under Rule 34, fails to serve his answers, objections, or written response, the court may impose sanctions including any of those listed in Rule 37(b)(2)(A)(i) - (vi). Therefore, dismissal in whole or in part of the action is also proper under Rule 37(d).

Rule 37 gives the Court "wide discretion to impose sanctions for a party's failure to comply with its discovery orders." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs, Inc., 872 F.2d 88, 92 (4th Cir. 1989). However, when dismissal is being considered, the Court's need to enforce its discovery orders is "confronted head-on by the party's rights to a trial by jury and a fair day in court." Id. Those competing interests require the Court to apply a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of

11

noncompliance; and (4) the effectiveness of less drastic sanctions.  Id.  The Fourth Circuit has also emphasized the significance of warning the party about the possibility of dismissal before dismissing the action.  Hatchcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995).

In addition to Rule 37, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30.  In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982).  Courts combine these two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b) because the legal standard for dismissal under both Rules is virtually the same.  Chu v. Great Northern Ins. Co., No. 10-cv-1422-RWT, 2013 WL 4541606 (D. Md. Aug. 26, 2013) (citing cases).

In the present case, these nine Plaintiffs have failed to comply with this Court's discovery orders and cannot deny their personal responsibility for the non-compliance.  With respect to

Mr. Dougherty and Mr. Hodge, these individuals failed to fulfill their discovery obligations prior to their deaths, and their estates have not attempted to pursue their claims in this proceeding. The remaining of the nine Plaintiffs chose not to appear for a noticed deposition and chose not to supplement discovery responses as required. This supports a finding of bad faith. See Chu, 2013 WL 4541606, at *3. In addition, these Plaintiffs' failure to sufficiently respond to the discovery served upon them and failure to appear for their noticed depositions have caused significant prejudice to Defendant Volvo. Defendant Volvo cannot be expected to properly prepare its defense while these Plaintiffs refuse to engage in the discovery ordered by the Court. These Plaintiffs have by their own actions refused to turn over material information sought by Defendant Volvo. This is the type of "flagrant case" representing bad faith and callous disregard for the authority of the Court that justifies the extreme sanction of dismissal.

These Plaintiffs' failures to comply with this Court's discovery Order and failures to appear for their scheduled depositions also create a need for deterrence of this type of conduct. During a hearing on December 10, 2013, this Court warned Plaintiffs of the possibility of dismissal of their claims should they fail to comply with the Court's order to respond to Defendant Volvo's discovery within 14 days prior to their scheduled depositions. In addition to this warning, Plaintiffs' counsel has contacted each Plaintiff who could be contacted to advise them that if they failed to appear for their noticed deposition, their case would likely be dismissed. In the face of these clear warnings, these Plaintiffs chose not to appear for their depositions. Therefore, the most severe sanction of dismissal of their claims is appropriate.

Finally, the Court has considered less severe sanctions, but concludes that other sanctions would not be effective under the particular facts of the present case. Plaintiffs attempted unsuccessfully to certify a class in this action. It is apparent that some Plaintiffs intended to be included in the Plaintiff class without having to be actively involved. Once the court denied Plaintiffs' Motion for Class Certification, the burden fell on each individual Plaintiff to respond to discovery and appear for deposition, burdens which some have failed to shoulder. Yet, these Plaintiffs have also failed to voluntarily dismiss their actions. These Plaintiffs may not remain as Plaintiffs while ignoring totally their obligation to engage in the discovery process. In addition, as discussed during the December 10, 2013 hearing, the Plaintiffs do not have the ability to pay any monetary sanctions that the Court might impose. Lesser sanctions under these conditions would not be effective.

With respect to whether the dismissal should be with or without prejudice, the Court notes that Defendant Volvo requests only dismissal without prejudice as to all nine Plaintiffs. Dismissal without prejudice is appropriate as to Mr. Hodge and Mr. Dougherty, in light of their deaths while the action was pending and in light of the agreement of Defendant Volvo. As to the remaining of the nine Plaintiffs, the Court will recommend dismissal without prejudice as to these Plaintiffs as well, in light of Defendant Volvo's request that the dismissal be without prejudice, and in light of the nature and basis of the requested dismissal.

III.   Conclusion

IT IS THEREFORE RECOMMENDED that Defendant Volvo's Motion to Compel and for Sanctions [Doc. #131] be GRANTED, and that all claims of Plaintiffs Frank Beatty III, Ronnie Chosewood, Tom Dougherty, Mark Ebel, Mike Faustini, Wayne Fox, Lawrence Hodge, Semio Express, Inc., and Harvey West be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 37(d) and 41(b).

This, the 28th day of May, 2014.

                               /s/ Joi Elizabeth Peake
                              United States Magistrate Judge